JOHN WILLIAM McMICHAEL, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 12880

January 6, 1982                                638 P.2d 402

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County for Respondent.

## OPINION

*Per Curiam:*

A jury found John William McMichael guilty of six counts of sexual assault. He seeks reversal claiming that the district judge erred in not permitting him to cross examine the victim regarding sexual intercourse with her boy friend and in receiving in evidence the testimony of another woman who had also been allegedly raped by McMichael.

### THE FACTS

On the night of the crime, the victim believing she had missed her bus, accepted a ride from a stranger who offered to drive her home. His car was a red Mustang with an out of state license, no rear window, holes in the roof and bore a sign on the dash that read, "gas, grass or ass—nobody rides free". The driver did not take the victim home. Instead, he grabbed her by the hair, forced her to the floor and ordered her to remove her clothing. He drove to a secluded area and raped her, including forcible anal and oral intercourse. During the act of oral sex,

the victim vomited in the stranger's lap. After completion of the assaults, the stranger released the victim. She immediately called the police and gave them a description of her assailant who was soon apprehended in the vicinity driving the Mustang which bore all the distinctive features described above. The victim positively identified the stranger as her assailant, McMichael, the appellant herein. McMichael had what appeared to be vomit on his trousers; pubic and head hairs similar to the victim's were found on McMichael's body. A medical examination of the victim revealed a reddening about the entrance to the vagina, multiple punctuate hemorrhages on her cervix, tears around her rectum, and sperm and acid phosphatase, a chemical found in semen, in both her vagina and rectum.

McMichael's principal defense was that he had a vasectomy; that his semen contained no sperm. McMichael's stepfather also testified that on the night of the rape he was staying in McMichael's apartment; that he met a woman there by the name of Rose, the victim's name, whom McMichael drove to her home.

The State in rebuttal, urging that the consent of the victim was in issue, offered the testimony of another woman whom McMichael had allegedly raped under similar circumstances three years earlier. The district judge admitted the testimony over McMichael's objection.

## THE VICTIM'S PRIOR SEXUAL CONDUCT

McMichael claims the district judge committed reversible error in not permitting him to question the victim regarding sexual intercourse with her boy friend just prior to the rape. Since he had a vasectomy, McMichael wished to prove that it was the boy friend's sperm, not his, that was found in the victim's vagina and rectum. The district court denied McMichael's request. There was ample evidence, other than that relating to the presence of the sperm, that sexual assaults had occurred. Under the facts presented in this case, where the evidence both physical and oral, is so overwhelming, we cannot hold that the court erred prejudicially in its ruling.

## EVIDENCE OF THE PRIOR RAPE

On rebuttal, the State introduced the testimony of another woman who had allegedly been raped by McMichael under similar circumstances. McMichael had been tried for the

offense and acquitted. It was error to admit the woman's testimony in this case. *See* State v. Little, 350 P.2d 756 (Ariz. 1960); State v. Wakefield, 278 N.W.2d 307 (Minn. 1979); State v. Kerwin, 340 A.2d 45 (Vt. 1975).

Evidence of an accused's prior criminal conduct presents a great danger of prejudice, and is only admissible where its prejudice is outweighed by its relevance to a material issue other than the accused's bad character or criminal propensities. McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978). The prejudice is compounded when the accused was previously tried and acquitted of a crime, evidence of which is offered at a later trial for a different crime. It is unfair for the state, having once presented its evidence and failed to obtain a conviction, to bring in the same evidence at a later trial. Although we do not hold that the introduction of such evidence violates the double jeopardy clause of the fifth amendment[1], we do hold that the considerations of fair play underlying the double jeopardy principle militate strongly against the evidence's admissibility.

However, this court will not reverse a judgment unless the error has affected the substantial rights of the accused. Where the evidence of guilt is great as in the instant case error will be deemed harmless. Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975); State v. Skaug, 63 Nev. 59, 161 P.2d 708 (1945). Here, the victim's testimony, the medical evidence of her sexual assault, and the physical evidence, created an overwhelming inference of guilt. Therefore, we find that the error in admitting the evidence of appellant's prior conduct was harmless.

Appellant's other assignments of error are without merit.

We affirm the judgment of conviction.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[1] *But see* Wingate v. Wainwright, 464 F.2d 209 (5th Cir. 1972); Stuart v. State, 561 S.W.2d 181 (Tex.Crim.App. 1978).

[2] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, who voluntarily disqualified himself in this case. Nev. Const., art. 6, § 19; SCR 10.