## RICHARD ARNOLD LONGORIA, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12951

October 19, 1983 670 P.2d 939

*David Parraguirre,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District. Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction for first degree murder. Appellant Longoria argues that the district court committed reversible error by permitting the prosecution to cross-examine him about his alleged commission of attempted murder in a prior incident.[1] We agree, and we therefore reverse and remand.

---

[1]Longoria was charged with this offense, but the charge ultimately was dismissed.

. In the early morning of January 1, 1980, in downtown Reno, Longoria was approached by one James Jimenez. The two men bought a bottle of tequila, and then went to Longoria's hotel room to drink and play cards. After a while, Longoria went to bed, telling Jimenez that he could sleep on the floor.

Longoria was awakened some time later when Jimenez began to pull him from his bed and hit him. The two men struggled. Longoria then grabbed a knife and stabbed Jimenez repeatedly in the chest and throat, killing him. No one else was in the hotel room during the incident.

Later that day, Longoria was arrested by the police. The state charged him with first degree murder. Longoria pleaded not guilty to this charge, and the case proceeded to trial.

Longoria testified at his trial. On direct examination, he stated that he was "scared" when Jimenez began to hit him, and that he thought Jimenez was trying to kill him.

On cross-examination, the prosecutor asked Longoria whether he had stabbed a man in the chest approximately one month before the subject incident, in the vicinity of a certain Reno drugstore. Counsel objected to the question and advised Longoria to refuse to answer under the Fifth Amendment. With the court's permission, the prosecutor continued to question Longoria about the alleged prior bad act, but Longoria refused to answer.

At the conclusion of the trial, the jury found Longoria guilty of first degree murder. This appeal followed.

The provision specifically governing the admissibility of evidence of prior "bad acts" is NRS 48.045(2). It provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

It has been held that the principle embodied in this provision applies to mere questioning regarding prior bad acts. Gooden v. State, 617 P.2d 248 (Okla.Crim.App. 1980) (great latitude should be allowed attorneys in cross-examining witnesses, but their questions should not contain insinuations that defendant is guilty of some other crime). We believe that this principle is particularly applicable here, since the questioning regarding the prior incident was both specific and repeated.

The prosecution sought to prove that Longoria committed first degree murder. Thus, under the circumstances of this case, a critical issue was whether Longoria acted willfully, and with premeditation and deliberation in killing Jimenez. *See* NRS

200.030(1). Longoria admitted that he stabbed Jimenez. The state therefore does not argue that questioning about the prior incident was permissible under NRS 48.045 to show, for example, the identity of Jimenez' assailant, or that Longoria had the opportunity to kill Jimenez. The state instead argues that questioning about the prior incident was permissible on the issue of whether Longoria killed Jimenez willfully, and with premeditation and deliberation.

We reject the state's contention. It has been stated that three types of evidence bear on the elements of premeditation and deliberation—defendant's planning activity, his prior relationship with the victim, and the manner of killing as it bears upon a pre-existing reflection to take the victim's life in a particular way. People v. Anderson, 447 P.2d 942 (Cal. 1968). The facts surrounding the alleged prior bad act clearly do not fall into any of the categories specified in *Anderson*. In the prior incident, Longoria was arrested for attempting to kill someone other than Jimenez, and under circumstances entirely different and separate from those in the case at hand. Thus, the principal relevance of the questioning about the alleged prior bad act was to show only Longoria's bad character, and his predisposition to commit violent crimes. Consequently, under NRS 48.045(2), the questioning about the alleged prior bad act was not permissible. *See* McMichael v. State, 98 Nev. 1, 638 P.2d 402 (1982); *see also* Michelson v. United States, 335 U.S. 469 (1948).

The state argues, however, that in testifying that he feared for his life when Jimenez attacked him, Longoria opened himself to cross-examination regarding the prior incident. This contention is arguably supported by United States v. Beechum, 582 F.2d 898, 909 (5th Cir. 1978), *cert. denied,* 440 U.S. 920 (1979) where the court stated:

. . . the defendant who chooses to testify waives his fifth amendment privilege with respect to relevant cross-examination. This is not to say that merely by taking the stand a defendant opens himself to the introduction of evidence that is relevant solely to his propensity to commit bad acts or crimes. But where the defendant testifies to controvert an element of the Government's case, such as intent, to which the extrinsic offense is highly relevant, the integrity of the judicial process commands that the defendant be faced with that offense.

As we have suggested, however, in the case before us, evidence of the alleged prior bad act was far from being "highly relevant" to the critical elements of willfullness, premeditation

and deliberation. *See* People v. Anderson, *supra.* We therefore conclude that Longoria did not open himself to questioning about the prior incident.

The court erroneously permitted the prosecution to question Longoria about the alleged prior bad act. This error cannot be characterized as harmless, because the other evidence was not overwhelming, and the jury may have reached a different conclusion if the error had not occurred. *See* Chapman v. California, 386 U.S. 18 (1967) (constitutional error prejudicial if reviewing court unable to conclude that error is harmless beyond reasonable doubt) Manning v. Warden, 99 Nev. 82, 659 P.2d 847 (1983) (reference to past criminal history reversible error with respect to conviction for forcible rape). Accordingly, the conviction for first degree murder is reversed and this case is remanded for a new trial.