BRANT RUDOLPH HONKANEN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 19259

December 29, 1989                     784 P.2d 981

*Lawrence J. Semenza,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent T. Kolvet,* District Attorney, *Harold Kuehn,* Deputy, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, the district court convicted appellant Brant Rudolph Honkanen of one count of child abuse and sentenced him to serve a one year term in the county jail. The conviction arose out of appellant's attempt to punish his thirteen-year-old son for stealing another boy's backpack and lying about the incident to the school principal. Honkanen struck his son on the buttocks twice with a shinei, a martial arts bamboo stick. The son was clothed when struck with the shinei. Moments later,

Honkanen pushed his son's arm and head up against a wall, then kicked him in the back.

At trial, but outside the jury's presence, the district attorney requested that a prior disciplinary incident in which appellant disciplined his son be admitted into evidence. The district court judge admitted the evidence of the prior disciplinary incident to show absence of mistake and motive in the charged offense. The jury then heard evidence that appellant had previously handcuffed his son to the steering wheel of a jeep and beat him fifteen times with a belt and a shinei. The district attorney learned of the handcuffing incident on the eve of trial and inexplicably never charged appellant with any crime arising from this prior incident.

Appellant maintains the district court improperly admitted the evidence of the handcuffing incident at trial. Specifically, appellant argues absence of mistake and motive were not issues at his trial. Therefore, appellant contends the handcuffing incident should not have been heard by the jury because it was only relevant to show absence of mistake and motive.

Appellant's contention has merit. As a general rule, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. . . ." NRS 48.045(2). To be relevant, the "[evidence] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2). However, if none of these statutory exceptions are issues at trial, it is impermissible to introduce the "other crime, wrong or act" into evidence. See Longoria v. State, 99 Nev. 754, 670 P.2d 939 (1983); see generally Michelson v. United States, 335 U.S. 469 (1948). Absence of mistake and motive were not issues at appellant's trial. Furthermore, contrary to the district attorney's suggestion on appeal, neither was appellant's intent. Appellant conceded that the charged and uncharged incidents occurred. Appellant's defense at trial was that his conduct was appropriate discipline and not as severe as the district attorney portrayed it.

We are therefore forced to conclude the evidence of the highly prejudicial handcuffing incident was only relevant to show appellant's bad character and propensity to commit child abuse. See Longoria, 99 Nev. at 756, 670 P.2d at 940. This is impermissible under NRS 48.045(2). Longoria, 99 Nev. at 756. See McMichael v. State, 98 Nev. 1, 638 P.2d 402 (1982); see also Michelson v. United States, 335 U.S. 469 (1948). Here, we are unable to conclude that the jury did not either "convict" appellant of the uncharged handcuffing incident under the pretext of the charged

offense, or use the handcuffing incident to conclude appellant "acted in conformity" with the prior disciplinary act when he committed the charged act. NRS 48.045(2). Because the law forbids both of these "uses" of the prior act, we cannot allow appellant's conviction to stand.

Although this court does not condone handcuffing and beating a child as proper means for disciplining a child, we cannot uphold appellant's conviction for the charged act. To allow the conviction to stand would be to disregard our rules of evidence in favor of ad hoc justice. Thus, we conclude the district court's admission into evidence of the previous disciplinary incident was prejudicial error. Because this prior act was improperly used by the jury to convict appellant, appellant's conviction must be reversed. We need not consider appellant's other assignments of error.

YOUNG, C. J., STEFFEN and ROSE, JJ., concur.

MOWBRAY, J., dissenting, with whom SPRINGER, J., agrees:

Respectfully, I dissent.

This case is centered on the conduct of a father who corrects his thirteen-year-old son by handcuffing him to the steering wheel of a motor vehicle and beating him with an oriental torture weapon called a shinei.

The latest beating which is the basis for this Child Abuse conviction was the result of the boy taking a school chum's backpack and scattering its contents.

After the beating stopped, the father told the boy that more was to follow. The son then in fear and frustration fled the house and sought safety in the Emergency Health Center in Gardnerville where he telephoned his mother for help. The Authorities at the Center noticed the boy and became concerned regarding his condition. They examined him. The instant Child Abuse charge resulted against appellant who was found guilty after a trial by jury.

The district judge permitted the trial jury to receive evidence of a similar beating by the father of his son when he handcuffed the boy to the steering wheel of a Jeep.

The father seeks reversal of the jury verdict on the grounds that the district judge committed reversible error when he admitted the evidence of the prior beating. I do not agree. In my opinion the evidence gave the jury an opportunity to evaluate the appellant's "motive, . . . intent, preparation [and] plan. . . ." NRS 48.045(2).

The jury verdict should stand; the judgment of conviction should be affirmed.