# IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA RAE COONEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66179

FILED

MAR 21 2017

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, bribing or intimidating a witness to influence testimony, and stalking utilizing the Internet or network site, electronic mail, text messaging or any other similar means of communication. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Linda Cooney lived with her two adult sons, Kevin and Chris. One morning, Kevin was shot in the neck inside the Cooney household. At the time of the shooting, only Kevin and Linda were home. After the shooting occurred, Linda sent Chris a text message, and Chris immediately called Linda in response. Their conversation lasted 16 minutes. Thereafter, Chris and Linda called 911. Although Kevin underwent cardiac arrest, paramedics arrived at the Cooney household within five minutes, and Kevin survived the incident. Kevin now suffers from incomplete quadriplegia.[1]

---

[1]Because the parties are familiar with the facts in this case, we do not recount them further except as is necessary for our disposition.

 

*17-09315*

The State charged Linda with attempted murder, battery, witness intimidation, and stalking/cyber-stalking. During the trial, evidence revealed that (1) Linda had shot and killed her ex-husband in 1992, (2) Linda had used the same firearm as that used in the present matter, and (3) Linda had proffered a theory of self-defense and was ultimately acquitted of all criminal charges. The jury found Linda guilty on all four counts.

On appeal, Linda argues that the district court committed reversible error in admitting evidence of the 1992 shooting.[2] We agree; therefore, we reverse the judgment of conviction and remand the matter for a new trial.

Generally, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." NRS 48.045(2). However, such evidence is admissible if: "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012).

"A district court's decision to admit or exclude evidence of prior bad acts rests within its sound discretion and will not be reversed by

_____

[2]Linda also contends that the district court erred in (1) admitting evidence of other prior bad acts, (2) denying her motion to sever the stalking count from the rest of the charges, (3) denying her motion to continue the trial, and (4) denying her motion for acquittal. Additionally, Linda argues that the State engaged in prosecutorial misconduct and that cumulative error warrants reversal.

this court on appeal absent manifest error." *Somee v. State*, 124 Nev. 434, 446, 187 P.3d 152, 160 (2008). According to the district court's limiting instructions, evidence of the 1992 shooting was admitted for the purposes of showing (1) Linda was familiar with firearms, including the subject firearm; (2) Linda had discharged a firearm at a human being, including the subject firearm; and (3) Karina Taylor, Kevin's girlfriend at the time of the shooting and the victim of the stalking charge, had a reasonable basis for her fear of Linda.

We hold the district court abused its discretion in concluding the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice. The incident occurred over 20 years ago, and Linda was acquitted of all charges. To the extent the evidence demonstrated that Linda was familiar with the subject firearm, such a fact could have been presented to the jury without having disclosed that Linda had previously shot and killed her ex-husband. In addition, whether Karina had a reasonable basis for her fear of Linda is an inquiry relevant only to the stalking charge. *See* NRS 200.575(1). As such, evidence of the 1992 shooting had little probative value with respect to the charges of attempted murder, battery with the use of a deadly weapon, and witness intimidation.[3]

---

[3]Because evidence of the 1992 shooting was primarily related to the stalking charge, to the extent it was probative at all, we hold the district court abused its discretion in declining to sever the stalking charge from the remaining charges. *See Weber v. State*, 121 Nev. 554, 570, 119 P.3d 107, 119 (2005) (stating a district court's decision to join or sever charges is reviewed for an abuse of discretion). Moreover, if a separate trial on the stalking charge is held, we note that the "district court should always use caution when admitting evidence of another crime because of the

*continued on next page...*

SUPREME COURT
OF
NEVAOA

(O) 1947A

Furthermore, this evidence was unquestionably unfairly prejudicial to Linda's case. The 1992 incident and the 2011 incident are similar in many respects, which could lead one to believe Linda had a propensity to rely on her firearm during disputes. Likewise, Karina's knowledge of the 1992 shooting only provides a reasonable basis for her fears if one believes the shooting was not in self-defense; thus, such evidence necessarily implied Linda was wrongfully acquitted in the previous trial. Given the gravity of the 1992 incident, and the evidence's minimal probative value, we have no doubt that the principal effect of such evidence was to emphasize Linda's bad character or her predisposition to commit violent crimes. *See Longoria v. State*, 99 Nev. 754, 756, 670 P.2d 939, 940 (1983) (holding the prosecutor improperly questioned the defendant about a prior, unrelated incident where the defendant was arrested for attempting to kill someone, because the evidence principally demonstrated the defendant's bad character). Consequently, NRS 48.045(2) barred its admission.[4]

Although "[e]rrors in the admission of evidence under NRS 48.045(2) are subject to a harmless error review," *Rosky v. State*, 121 Nev.

---

*...continued*
inherently prejudicial nature of such evidence." *Foster v. State*, 116 Nev. 1088, 1095, 13 P.3d 61, 66 (2000).

[4]Although we generally presume that jurors follow the instructions they are given, *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006), we do not believe the district court's limiting instructions were sufficient to remove the prejudicial impact of the evidence in this case. *See Angle v. State*, 113 Nev. 757, 762, 942 P.2d 177, 181 (1997) (stating "the district court's decision to permit mention of the prior conviction but then give a limiting instruction [was] insufficient . . . to remove the prejudicial impact of the admission").

184, 198, 111 P.3d 690, 699 (2005), such an error is harmless only if we can conclude, *beyond a reasonable doubt*, that the jury would have reached the same result if the error had not occurred, *Longoria*, 99 Nev. at 757, 670 P.2d at 941. After reviewing the record, we acknowledge that the jury may have convicted Linda of each charge even if the district court had not admitted evidence of the 1992 shooting.[5] Nonetheless, we cannot conclude, beyond a reasonable doubt, that such evidence did not affect the jury's verdict. Therefore, the district court committed reversible error in admitting evidence of the 1992 shooting, and we conclude that a new trial is warranted with respect to each of Linda's convictions.[6] Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Pickering

_____, J.
Stiglich

---

[5]As such, we reject Linda's argument that the district court erred in denying her motion for acquittal. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (stating sufficient evidence supports the jury's verdict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

[6]Because we reverse Linda's convictions, "we need not consider her remaining issues on appeal." *Angle*, 113 Nev. at 763-64, 942 P.2d at 182.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Las Vegas Defense Group, LLC
Mortenson & Rafie, LLP
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk