An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LINKSTON ASHLEY LIONS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61016


FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

In his petition, filed on March 15, 2012, appellant raised several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10601

504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697.

First, appellant claimed counsel was ineffective for failing to question the neighbors of the residence where the crime was committed because the neighbors would have corroborated that squatters used it. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim was belied by the record as counsel stated during an argument on a motion for mistrial that a defense investigator did interview the neighbors. See Hargrove v. State, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). Further, the testimony of the investigating officers corroborated appellant's claim that squatters used the residence, and accordingly he failed to demonstrate a reasonable probability of a different outcome had the neighbors testified as appellant hoped. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to object to the district court's characterization of the victim's identification of appellant. Appellant failed to demonstrate deficiency or prejudice. When asked to identify his attacker at trial, the victim testified that he "couldn't say for sure" but identified appellant as "somebody who could fit" his description of the attacker. The district court acknowledged this identification, and the State clarified that it was with the understanding that the jurors heard what the identification was. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel objected to the district court's wording. We therefore conclude that the district court did not err in denying this claim.

Third, appellant claimed counsel was ineffective for failing to play the audio recording of his voluntary statement to police because the written transcript did not accurately reflect the interview. Appellant failed to demonstrate deficiency or prejudice. Part of what appellant claimed was missing was in fact testified to at trial by the interviewing officer, and appellant did not claim that he told counsel of any discrepancy. Further, in light of the physical evidence against him, appellant failed to demonstrate a reasonable probability of a different outcome had the jury heard the allegedly missing portions of the interview. We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claimed counsel was ineffective for failing to call K. Moore as a witness. Appellant failed to demonstrate prejudice. The State's expert recovered DNA from the area of the ligature that the attacker would have to have held and concluded that appellant was the major contributor with the victim being the minor contributor. In light of this evidence as well as other, circumstantial evidence adduced at trial, appellant failed to demonstrate a reasonable probability of a different outcome had Moore, appellant's girlfriend at the time, testified that she saw appellant buy the stolen vehicle from a third party. To the extent appellant claimed that counsel's inaction was due to a conflict of interest, his claim was unsupported by specific facts that, if true, would have demonstrated that an actual conflict existed or that counsel's performance was adversely affected. See Clark v. State, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992); Hargrove, 100 Nev. at 502-03, 686 P.2d at 225. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant claimed counsel was ineffective for failing to object when the State argued that appellant had changed the license plates on the stolen vehicle he was driving to avoid being caught. Appellant failed to demonstrate deficiency or prejudice. The State's closing argument was a reasonable inference from the facts presented. See Randolph v. State, 117 Nev. 970, 984, 36 P.3d 424, 433 (2001). We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant claimed counsel was ineffective for failing to object to the State calling appellant a liar and attempting to shift the burden of proof to appellant by arguing in closing that appellant first mentioned having squatted at the residence—thereby explaining the presence of his DNA on the ligature and t-shirt found at the scene—only after he heard the officer testify that squatters used it and that appellant was thus a liar. Appellant failed to demonstrate deficiency or prejudice. The State did not call appellant a "liar" nor did it shift the burden of proof to appellant. Rather, the State made a permissible comment on its view of what the evidence showed. See id. Moreover, the jury was made aware by the officer's testimony on cross-examination that appellant had not been told during the interview where the attack occurred. We therefore conclude that the district court did not err in denying this claim.

Seventh, appellant claimed counsel was ineffective for failing to propose jury instructions for lesser-included offenses to robbery and grand larceny auto. Appellant failed to demonstrate prejudice. Even if possession of stolen property and/or the stolen vehicle were lesser-included offenses of robbery and grand larceny auto, respectively, the jury found appellant guilty beyond a reasonable doubt of the greater offenses.

Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome had the jury received instructions on lesser offenses. We therefore conclude that the district court did not err in denying these claims.

Appellant also raised several claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697.

First, appellant claimed counsel was ineffective for failing to raise a violation of Brady v. Maryland, 373 U.S. 83 (1963), where the testimony of the State's DNA expert differed from her written report. Appellant failed to demonstrate deficiency or prejudice because his claim was belied by the record. Appellant acknowledged that the expert's report said there were "at least" two contributors of DNA to the ligature, which necessarily admits the possibility of more than two contributors. Further, although appellant claimed that the expert testified that there were in fact five contributors of DNA, the expert testified in accordance with her report that "two numbers" at a DNA reference point would indicate one DNA

contributor and that at a couple of the reference points, there were "five numbers," indicating "at least two" contributors. The expert further testified that she could not identify who the contributors were beyond appellant and the victim, but she did not state a reason. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for not arguing the officers' failure to gather evidence where they did not write down the names and contact information of the neighbors they interviewed. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that the missing "evidence was material, i.e., that there is a reasonable probability that the result of the proceedings would have been different if the evidence had been available." Gordon v. State, 121 Nev. 504, 509-10, 117 P.3d 214, 218 (2005). Rather, in holding that the State did not violate Brady when it failed to disclose the neighbor's contact information, this court concluded on direct appeal that "there was no possibility" of the information having affected the outcome of trial. Lions v. State, Docket No. 58108 (Order of Affirmance, November 18, 2011). Accordingly, appellant failed to demonstrate a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.

Third, appellant claimed counsel was ineffective for failing to challenge the improper admission of other bad act evidence—the attempted use of the victim's credit cards to wire money to appellant—where no pretrial hearing was conducted or limiting jury instruction was given. Appellant failed to demonstrate deficiency or prejudice. Although the district court erred in admitting the evidence without first conducting

an evidentiary hearing, the evidence was relevant pursuant to NRS 48.045(2) as it tended to establish the identity of the attacker. See Qualls v. State, 114 Nev. 900, 902-03, 961 P.2d 765, 766-67 (1998). Moreover, in light of the physical evidence against appellant, any failure to instruct the jury on the limited use of the evidence would have been harmless. See id. at 904, o61 P.2d at 767. Accordingly, appellant failed to demonstrate a reasonable probability of success on appeal had counsel raised the issue. We therefore conclude that the district court did not err in denying this claim.

Appellant's remaining claims could have been raised in prior proceedings and were thus procedurally barred absent a demonstration of cause for the delay and undue prejudice. See NRS 34.810(1)(b)(2). Appellant failed to allege any cause to excuse the bar to his claims alleging juror misconduct or challenging this court's application of Brady on direct appeal, the constitutionality of the Nevada Revised Statutes in general and the robbery and deadly-weapon-enhancement statutes in particular, and the admission of his attempted use of the stolen credit cards. Further, appellant acknowledged that his claims challenging the jury instruction on flight, the State's failure to gather evidence, and the admission of the license plate evidence were raised on direct appeal. These claims were therefore barred by the doctrine of the law of the case. See Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Moreover, appellant's claim that he was re-raising them in the instant petition to exhaust state remedies did not demonstrate good cause. See Hathaway v. State, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); Colley v. State, 105 Nev. 235,

236, 773 P.2d 1229, 1230 (1989).  We therefore conclude that the district court did not err in denying these claims.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Doug Smith, District Judge
Linkston Ashley Lions
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.