LEONARD CLEON KIMBERLY, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 17326

July 14, 1988                          757 P.2d 1326

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Leonard Cleon Kimberly stands convicted of the sexual assault of another man, one Leland Horrocks. Horrocks claims that he was sleeping on Kimberly's couch in Kimberly's mobile home and awoke at around 3:00 a.m. to find that his Levis were unbuttoned and that Kimberly was fellating him. Horrocks did not say anything at that time; instead, Horrocks rolled over and waited for Kimberly to leave the room. After Kimberly left the room, Horrocks went to his car and drove home.

There is no evidence in the record that Horrocks at the time objected to Kimberly's advances. Horrocks himself testified that his only response upon discovering that Kimberly's nocturnal

attentions had caused Horrocks to ejaculate was to roll over. The sole evidence that Kimberly's activities might have constituted an unlawful touching is found in Horrocks's trial testimony: "No. I never gave him no permission to do no such thing."

Kimberly does not, however, challenge his conviction on the ground that the *corpus delicti* of the crime of rape was not established. Rather, he raises a serious evidential point: that the trial court erred in admitting testimony by Kimberly's roommate, Larry Buske, that Kimberly had engaged Buske in a similar fashion, that is to say by visiting him in the night and fellating him without first having obtained permission to do so.

Under Nevada's rules of criminal evidence, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." NRS 48.045(2). Such evidence, however, may be admissible for a purpose not related to the character of the defendant, such as showing motive, intent, preparation or plan. NRS 48.045(2). The danger in bringing in evidence of prior bad acts is obvious. Consequently, we have insisted that "before evidence of a prior bad act can be admitted, the state must show, by plain, clear and convincing evidence that the defendant committed the offense." Petrocelli v. State, 101 Nev. 46, 52, 692 P.2d 503, 508 (1985). "Fundamental fairness demands this standard in order to preclude verdicts which might otherwise rest on false assumptions." Tucker v. State, 82 Nev. 127, 131, 412 P.2d 970, 972 (1966).

A motion in limine was filed at the time of the trial to exclude the testimony of Buske concerning the claimed sexual activities with his roommate Kimberly. The prosecution argued that the testimony should be admitted on the multiple grounds that it was probative of Kimberly's motive, intent, plan and identity. The trial court decided to admit the roommate's testimony under the authority of NRS 48.045(2) but made no reference to the specific exception making the testimony admissible. After reviewing the record, we conclude that it is unnecessary to determine whether there was an appropriate basis within the evidence code to justify admission of testimony concerning the Buske incident.

The state had sought to indict Kimberly for his alleged sexual assault on Buske. The grand jury, after hearing Buske's testimony concerning the alleged incident, refused to return a true bill against Kimberly on the Buske count. Our consideration of the complex of factors, including the grand jury's refusal to indict, the relationship between Buske and the current victim's sister, and other circumstances tending to detract from reliability, convince us that there was a failure to show by the requisite "plain, clear and convincing evidence" that Kimberly had committed the

earlier offense against Buske. The mere fact that the grand jury did not consider Buske's testimony sufficiently trustworthy to support a true bill is a sufficient reason to disqualify the testimony under the clear and convincing evidence standard. Accordingly, it was error to admit the testimony at issue.

The trial court's error in admitting testimony relating to Kimberly's and Buske's alleged sexual activity affected Kimberly's substantial rights. *See* McMichael v. State, 98 Nev. 1, 638 P.2d 402 (1982). The evidence of Kimberly's guilt may certainly not be described as overwhelming. The bulk of the evidence against Kimberly came from only two witnesses, one of whom was the alleged victim. Moreover, five defense witnesses testified that Kimberly had *no* homosexual tendencies, and several defense witnesses described Kimberly as "honest" and "gentlemanly."

We hold that it was error for the trial court to allow Buske to testify about his sexual activities with Kimberly because the state failed to show by clear and convincing evidence that Kimberly sexually battered his roommate. We further hold that the trial court's error mandates reversal because it affected Kimberly's substantial rights. We therefore reverse the judgment of conviction and remand for a new trial.