OPINION
 

 Per Curiam:
 

 Steven Qualls appeals from a judgment of conviction of principal to attempted murder with the use of a deadly weapon. We conclude that the district court’s admission of other bad act evidence without conducting a
 
 Petrocelli
 

 [1]
 

 hearing and without instructing
 
 *902
 
 the jury on the limited use of the evidence amounted to harmless error. Therefore, we affirm the conviction.
 

 FACTS
 

 On December 18, 1996, shots were fired into an occupied residence in Elko, Nevada. At trial, the State’s theory of the case was that Qualls and his co-defendant attempted to kill a young female because of her association with a member of the Bloods gang. In support of its case, the State introduced evidence which tended to show that Qualls affiliated himself with or was a “wannabe” member of a rival gang — the Crips. This evidence was admitted over Qualls’ objection and without conducting an on-the-record hearing to determine the evidence’s admissibility or instructing the jury on the limited use of the evidence.
 

 DISCUSSION
 

 Qualls concedes that the evidence of his gang-affiliation or “wannabe” status may have been admissible to show motive; however, he contends that his conviction should nevertheless be reversed because the trial court should have conducted its balancing of the evidence’s probative value versus prejudicial effect on the record and should have instructed the jury on the limited use of the evidence. We conclude that Qualls’ contentions lack merit; however, we take this opportunity to clarify the standard of review on appeal from the admission of evidence showing other bad acts.
 

 Under Nevada’s rules of criminal evidence, evidence of other wrongs cannot be admitted at trial solely for the purpose of proving that a defendant has a certain character trait and acted in conformity with that trait on the particular occasion in question. NRS 48.045(1). However, evidence of other wrongs may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. NRS 48.045(2). Prior to admission of such evidence, the trial court must conduct a hearing on the record and determine (1) that the evidence is relevant to the crime charged; (2) that- the other act is proven by clear and convincing evidence; and (3) that the probative value of the other act is not substantially outweighed by the danger of unfair prejudice. Tinch v. State, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997); Armstrong v. State, 110 Nev. 1322, 1323-24, 885 P.2d 600, 600-01 (1994). The trial court’s determination to admit or exclude evidence is to be given great deference and will not be reversed absent manifest error. Bletcher v. State, 111 Nev. 1477, 1480, 907 P.2d 978, 980 (1995) (citing Kazalyn v. State, 108 Nev. 67, 825 P.2d 578 (1992));
 
 Petrocelli,
 
 101 Nev. at 52, 692 P.2d at 508.
 

 
 *903
 
 Where the trial court admits evidence under NRS 48.045(2) without first conducting an on-the-record hearing, this court may be deprived of the opportunity for meaningful review of the trial court’s admissibility determination.
 
 See
 
 Meek v. State, 112 Nev. 1288, 1292-93, 930 P.2d 1104, 1107-08 (1996);
 
 Armstrong,
 
 110 Nev. at 1323-24, 885 P.2d at 601;
 
 see also
 
 Walker v. State, 112 Nev. 819, 921 P.2d 923 (1996) (trial court errs when it fails to conduct a
 
 Petrocelli
 
 hearing prior to admission of evidence of other bad acts). Therefore, we remind trial courts that the efficient administration of justice depends on their conscientious adherence to the dictates of our previous decisions requiring on-the-record hearings. Nonetheless, we reject Qualls’ suggestion that reversal on appeal is required where the trial court fails to conduct a proper
 
 Petrocelli
 
 hearing prior to admitting evidence of other bad acts.
 

 We have routinely treated the erroneous admission of evidence of other bad acts as subject to review for harmless or prejudicial error.
 
 [2]
 
 Moreover, NRS 177.255 requires this court to “give judgment without regard to technical error or defect which does not affect the substantial rights of the parties.”
 
 See also
 
 NRS 47.040 (error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected). Therefore, a rule of automatic reversal for failure to conduct a proper
 
 Petrocelli
 
 hearing, regardless of a lack of prejudicial effect caused by the admission of the evidence, cannot be justified. Accordingly, the trial court’s failure to adhere to the procedural requirement of a proper, on-the-record hearing prior to admission of such evidence may be cause for reversal but does not mandate reversal in all cases.
 
 [3]
 

 See
 
 Felder v. State, 107 Nev. 237, 241, 810 P.2d 755, 757 (1991);
 
 see also
 
 Wesley v. State, 112 Nev. 503, 512, 916 P.2d 793, 799-800 (1996),
 
 cert. denied,
 
 117 S. Ct. 1268 (1997). We, therefore, hold that the trial court’s failure to conduct a proper hearing on the record is cause for reversal on appeal unless: (1) the record is sufficient for this court to determine that the evidence is admissible under the test for admissibility of bad acts evidence set forth in Tinch; or (2) where the result would have been the same if the trial court had not admit
 
 *904
 
 ted the evidence,
 
 see
 
 Big Pond v. State, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985).
 

 After reviewing the record in the instant case, we conclude that evidence showing appellant’s gang affiliation or “wannabe” status was admissible under NRS 48.045 to prove motive.
 
 See Tinch,
 
 113 Nev. at 1176, 946 P.2d at 1065 (gang-affiliation evidence may be relevant and not substantially outweighed by unfair prejudice when it tends to prove motive) (citing Lay v. State, 110 Nev. 1189, 1196, 886 Nev. 448, 452 (1994)). Therefore, the trial court’s failure to conduct a
 
 Petrocelli
 
 hearing prior to admitting this evidence amounted to harmless error. We further conclude that the district court’s failure to
 
 sua sponte
 
 give a limiting instruction on the use of the other bad acts evidence, if error at all, was harmless, especially given the fact that the State did not attempt to show Qualls had participated in any other gang-related criminal activity.
 
 See
 
 Johnson v. State, 92 Nev. 405, 407, 551 P.2d 241, 242 (1976) (harmless-error analysis applies to the failure to give a limiting instruction).
 

 Qualls further contends that: (1) his confession should have been suppressed; (2) the jury was improperly instructed on the elements of principal to attempted murder and on the requisite knowledge and control over a weapon possessed by a co-defendant; (3) the district court erred by allowing improper rebuttal testimony; and (4) insufficient evidence was adduced to support the conviction. We have reviewed each of these issues and conclude that they lack merit and do not need to be addressed.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of conviction.
 

 [1]
 

 Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985).
 

 [2]
 

 See, e.g.,
 
 Bradley v. State, 109 Nev. 1090, 1093, 864 P.2d 1272, 1274 (1993);
 
 Kazalyn,
 
 108 Nev. at 74, 825 P.2d at 582; Kimberly v. State, 104 Nev. 336, 338, 757 P.2d 1326, 1328 (1988); Gehrke v. State, 96 Nev. 581, 585, 613 P.2d 1028, 1030 (1980).
 

 [3]
 

 To the extent that some of our language in
 
 Meek, Walker,
 
 and
 
 Armstrong
 
 could be construed as inconsistent with our holding in this case, we expressly disapprove of such interpretations.