a writ of habeas corpus, Walker argues that the district court erred in
 denying his claims of ineffective assistance of counsel and trial error.
 Ineffective assistance of counsel
 Walker argues that the district court erred by denying
 numerous claims of ineffective assistance of trial and appellate counsel
 without conducting an evidentiary hearing. "A claim of ineffective
 assistance of counsel presents a mixed question of law and fact, subject to
 independent review," Evans v. State, 117 Nev. 609, 622, 28 P.3d 498, 508
 (2001), but the district court's purely factual findings are entitled to
 deference, Lara v. State, 120 Nev. 177, 179, 87 P.3d 528, 530 (2004).
 Under the two-part test established by the United States Supreme Court
 in Strickland v. Washington, a defendant must show that (1) counsel's
 performance fell below an objective standard of reasonableness and (2)
 prejudice. 466 U.S. 668, 687-88, 694 (1984); Kirksey v. State, 112 Nev.
 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996); see Riley v. State, 110
 Nev. 638, 646, 878 P.2d 272, 278 (1994) ("The defendant carries the
 affirmative burden of establishing prejudice."). A court need not consider
 both prongs of the Strickland test if a defendant makes an insufficient
 showing on either prong. Strickland, 466 U.S. at 697. An evidentiary
 hearing is warranted only if a petitioner raises claims supported by
 specific factual allegations that are not belied by the record and, if true,
 would entitle him to relief. See Hargrove v. State, 100 Nev. 498, 502, 686
 P.2d 222, 225 (1984).
 Forensic video examiner
 Walker argues that the district court erred in denying his
 claim that trial counsel were ineffective for failing to consult a forensic
 video examiner to analyze the edited surveillance video introduced during

SUPREME COURT
 OF
 NEVADA
 2
(0) I947A
 the State's case-in-chief. We conclude that this argument lacks merit for
 three reasons. First, Walker failed to demonstrate that his counsel's
 performance was deficient as the record indicates that Walker's counsel
 consulted an expert but elected not to call that witness to testify. This was
 a tactical decision that is entrusted to counsel, see Rhyne v. State, 118 Nev.
 1, 8, 38 P.3d 163, 167 (2002) (noting that "the trial lawyer alone is
 entrusted with decisions regarding legal tactics such as deciding what
 witnesses to call"), and Walker did not allege extraordinary circumstances
 sufficient to challenge counsel's decision, see Ford v. State, 105 Nev. 850,
 853, 784 P.2d 951, 953 (1989) ("Tactical decisions are virtually
 unchallengeable absent extraordinary circumstances."). Second, Walker
 failed to demonstrate prejudice. The video evidence, which showed
 Walker attacking Anziano and meeting Cole, was not the only evidence
 connecting him to the crimes. Witnesses observed Walker at the scene of
 the murder and fleeing from it. Anziano's property was recovered from
 the home he shared with Archie. Cole and Deborah Lazar identified
 Walker and Archie as the perpetrators, Cole's blood was found on Walker's
 shoe and Archie's car, and Cole's fingerprint was recovered from the
 interior of Archie's car. As to the Simon robbery, Simon identified Walker
 as the man who stole her purse and her property was recovered from
 Archie's home. Third, Walker failed to plead sufficient facts to warrant
 relief. Walker asserted in his petition below that he sought an expert who
 could "explain to the jury all the ways in which video can be augmented,"
 to demonstrate that the video evidence presented was unreliable.
 However, he did not explain how the expert testimony would have
 impugned the video in evidence. See Hargrove, 100 Nev. at 502, 686 P.2d
 at 225. Therefore, the district court did not err in denying this claim.

SUPREME COURT
 OF
 NEVADA
 3
(0) 1.147A
 Identification expert
 Walker argues that the district court erred in denying his
 claim that his counsel were ineffective for failing to call an identification
 expert at trial. We disagree. Walker asserted in his petition that expert
 testimony would have shown that eyewitness accounts may be affected by
 the extreme stress of traumatic events. However, Walker failed to
 demonstrate prejudice. As discussed above, the eyewitness accounts were
 corroborated by physical evidence. Video evidence showed the attack on
 Anziano and corroborated Cole's testimony. Moreover, Simon, Cole, and
 Lazar observed and interacted with Walker prior to the time he engaged
 in criminal action against them; thus, their identifications were less likely
 to be affected by the emotional concerns Walker asserts were attendant to
 their identifications. Therefore, the district court did not err in denying
 this claim.
 Unrecorded bench conferences
 Walker contends that the district court erred in denying his
 claim that counsel were ineffective for failing to preserve objections during
 trial and ensure the recording of bench conferences. We conclude that this
 argument lacks merit. Walker has not identified any issue that he was
 unable to argue due to the failure to record a portion of the proceeding.
 See Archanian v. State, 122 Nev. 1019, 1033, 145 P.3d 1008, 1019 (2006)
 (requiring appellant to "show that the subject matter of the omitted
 portions of the record [were] so significant that this court cannot
 meaningfully review his claims of error and the prejudicial effect of any
 error"). Therefore, the district court did not err by denying this claim.

SUPREME COURT
 OF
 NEVADA
 4
(0) 194Th 424T.
 DNA expert
 Walker argues that the district court erred in denying his
 claim that trial counsel were ineffective for failing to call a DNA expert to
 testify at his trial. We conclude that this argument lacks merit for three
 reasons. First, Walker failed to demonstrate that his counsel's
 performance was deficient as the record indicates that counsel retained an
 expert to evaluate the DNA evidence. The decision not to call the witness
 at trial was within counsels' discretion, see Rhyne, 118 Nev. at 8, 38 P.3d
 at 167, and Walker did not allege extraordinary circumstances sufficient
 to challenge counsels' decision, see Ford, 105 Nev. at 853, 784 P.2d at 953
 ("Tactical decisions are virtually unchallengeable absent extraordinary
 circumstances."). Second, Walker failed to demonstrate that but for
 counsel's failure to procure this expert testimony, he would not have been
 convicted. Cole and Lazar identified him as the perpetrator. Cole's
 testimony was corroborated by video evidence showing Walker meeting
 Cole and Cole's fingerprint in Archie's car. Third, Walker failed to plead
 sufficient facts to warrant an evidentiary hearing. In his petition, Walker
 generally asserted that a DNA expert was necessary to "contradict,
 challenge, put into context or to provide alternative explanations for the
 damaging DNA evidence presented by the State." However, Walker did
 not identify the expert who would have offered that testimony or allege
 how that testimony would have specifically challenged the evidence at
 trial. See Hargrove, 100 Nev. at 502, 686 P.2d at 225. Therefore, the
 district court did not err in denying this claim.
 Fingerprint expert
 Walker contends that the district court erred in denying his
 claim that trial counsel were ineffective for failing to call a fingerprint

SUPREME COURT
 OF
 NEVADA
 5
(0) 1947A e
 analysis expert. We conclude that this argument lacks merit. Walker
 asserted that an expert witness could have challenged testimony about the
 fingerprint or offered an alternative explanation for the presence of Cole's
 fingerprint in Archie's car. However, he did not identify the expert or
 allege how the testimony would specifically impugn the evidence at trial.
 See Hargrove, 100 Nev. at 502, 686 P.2d at 225. Even assuming Walker
 pleaded sufficient facts to substantiate this claim, he did not demonstrate
 prejudice in light of the remaining evidence of his guilt. Therefore, the
 district court did not err in denying this claim.
 Brady violations
 Walker argues that the district court erred in denying his
 claim that trial counsel were ineffective for failing to object to the State's
 failure to provide discovery. In his petition below, Walker asserted that
 the State failed to provide video evidence in a timely manner, original
 versions of video evidence, audio of Walker's statement to police in 1978,
 documents related to the laboratory used for DNA testing, and a copy of
 the victim's social security card introduced during the victim's mother's
 testimony. Walker's claim does not allege how any of the evidence he
 claims the State failed to produce is favorable to his defense. See Mazzan
 v. Warden, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (noting obligation
 under Brady v. Maryland, 373 U.S. 83 (1963), to reveal evidence that is
 favorable to the defense). Accordingly, he has not satisfied the first
 component of the Brady analysis. Moreover, considering the
 overwhelming nature of the evidence against him, he failed to
 demonstrate that he was prejudiced by counsel's failure to object to the
 discovery process. Therefore, the district court did not err in denying this
 claim.

SUPREME COURT
 OF
 NEVADA
 6
(0) 1947A eafJ0
 Prosecutorial misconduct
 Walker contends that the district court erred in denying his
 claim that trial counsel were ineffective for failing to object to instances of
 prosecutorial misconduct. Under the Strickland test, Walker has the
 burden of establishing that counsel were deficient in failing to object to the
 prosecutor's allegedly improper comments and prejudice as a result of
 counsel's failure to object or argue issues of prosecutorial misconduct on
 appeal. See Riley, 110 Nev. at 646, 878 P.2d at 278. To show prejudice
 based on counsel's failure to object, Walker must demonstrate that it is
 reasonably probable that, but for counsel's error, the result of the trial
 would have been different. Strickland, 466 U.S. at 694. "[A] criminal
 conviction is not to be lightly overturned on the basis of a prosecutor's
 comments standing alone," Hernandez v. State, 118 Nev. 513, 525, 50 P.3d
 1100, 1108 (2002) (quoting United States v. Young, 470 U.S. 1, 11 (1985)),
 therefore Walker must demonstrate that the challenged comments "so
 infected the proceedings with unfairness as to make the results a denial of
 due process," id. Prosecutorial misconduct may be harmless where there
 is overwhelming evidence of guilt. King v. State, 116 Nev. 349, 356, 998
 P.2d 1172, 1176 (2000). We conclude that the claims lack merit for the
 reasons discussed below.
 First, Walker asserts that the State improperly disparaged
 defense counsel by characterizing the defense's questioning of the medical
 examiner as "a second victimization of Christine Anziano." As Walker's
 counsel objected to this statement and appellate counsel raised the issue
 on appeal, he cannot demonstrate that counsel's performance was
 deficient. Further, Walker cannot demonstrate he was prejudiced, as this

SUPREME COURT
 OF
 NEVADA
 7
(0) 1947A ea
 court concluded that the comment did not warrant relief under the
 harmless-error standard See Walker, Docket No. 49507, at 9.
 Second, Walker asserts that the State improperly appealed to
 the passions of the jurors by beseeching the jury to end Anziano's
 victimization and the victimization of the other victims, police, and
 witnesses." We disagree. The prosecutor commented on defense counsel's
 cross-examination of the medical examiner respecting the presence of old
 bruises on Anziano's body (suggesting Anziano might have been a victim
 of domestic abuse), the poor condition of her teeth (she had a denture in
 her upper mouth), the presence of methamphetamine in her body, whether
 the needle marks were definitely caused by medical intervention, and
 whether cysts on her kidneys were a result of high blood pressure. The
 prosecutor reasoned that the defense suggested that "[m]aybe the victim if
 she'd moved a little faster wouldn't be dead. Maybe Christine, if she'd
 moved a little slower, if she hadn't resisted, if she'd been a little nicer she
 wouldn't be dead." Considering this context, we conclude that the
 comment was not improper. The prosecutor merely responded to the
 defense's apparent attempt to deflect attention away from Walker to

 'During its rebuttal, the State made the following argument:
 Christine Anziano is entitled to the protections of
 the law and the time for victimization of Christine is
 over now. We've heard the evidence, it's time for justice,
 it's time for truth. So let's stop the victimization of not
 only her but the other victims in this case, and even the
 police and of some other witnesses to a certain extent
 and let's talk about the truth.
 This court considered the comment in Walker's direct appeal and
 concluded that it did not rise to the level of plain error. See Walker,
 Docket No. 49507, at 9.

SUPREME COURT
 OF
 NEVADA

(01 1947A 44!WP
 Anziano's character and social circumstance and argued that Walker, not
 Anziano, was solely responsible for her death. Therefore, counsel had no
 basis to object to the comment. See Ennis v. State, 122 Nev. 694, 706, 137
 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to
 avoid ineffective assistance of counsel claims."). To the extent that the
 prosecutor's comments may be considered improper, we conclude that
 Walker failed to demonstrate prejudice given the overwhelming evidence
 of his guilt. See Strickland, 466 U.S. at 687-88.
 Third, Walker contends that the State committed
 prosecutorial misconduct by referring to him as a coward and predator, as
 well as implying that he lacked intelligence. We conclude that Walker
 failed to demonstrate that his counsel's performance was deficient as the
 challenged statements constituted fair comment on the evidence. Given
 the compelling evidence against Walker, including his presence on video
 surveillance tapes and eyewitness identification of him, it was reasonable
 to infer that he would be caught. The prosecutor's statements regarding
 Anziano's murder and how the attack on Cole unfolded were supported by
 the evidence. Further, the evidence showed Walker met all of his victims
 while loitering near store entrances or in parking lots. To the extent that
 identifying Walker as not very smart, cowardly, or a predator may be
 considered disparaging, he failed to demonstrate he was prejudiced by
 counsel's failure to object as there was overwhelming evidence of his guilt.
 See Strickland, 466 U.S. at 687-88.
 Fourth, Walker asserts that the State committed prosecutorial
 misconduct by playing audio of his statement to police even though the
 court had ruled that it could not be played to the jury. We conclude that
 Walker failed to demonstrate that his counsels performance was deficient.

SUPREME COURT
 OF
 NEVADA
 9
(0) 1947A e
 During the penalty hearing, the State prepared to play the audio from
 Walker's statement to police regarding his 1978 robbery and attempted
 murder. Defense counsel objected on the basis that the State had
 represented that the audio on the recording was of such poor quality that
 it could not be understood nor could a transcript be generated. The court
 listened to both recordings outside the presence of the jury. It recognized
 that the copy the State intended to play was more clearly audible than the
 defense copy but concluded both were intelligible. It ruled that the State
 could play the copy given to the defense at trial. Therefore, Walker's trial
 counsel succeeded in litigating their objection in the trial court and held
 the State to introduce only the evidence that it previously provided the
 defense during the discovery process. Moreover, Walker failed to
 demonstrate prejudice as the State had already introduced testimony
 about the statement he provided to police. Therefore, the district court did
 not err in denying this claim.
 Failure to object to inadmissible evidence
 Walker argues that the district court erred in denying his
 claim that his trial counsel were ineffective for failing to object to the
 introduction of certain evidence. We conclude that this contention lacks
 merit for the reasons discussed below.
 First, Walker asserts that the State introduced bad act
 evidence in the form of testimony that 17 purses were discovered in the
 search of Archie's residence and that his hand bore older injuries that
 appeared to be received during a stabbing. Given the context of the trial
 and that Walker was accused of stealing purses from two of the victims as
 well as stabbing two of the victims, the presence of a number of purses and
 older knife wounds on his hand suggests more extensive criminal activity.

SUPREME COURT
 OF
 NEVADA
 10
(0) 194Th ce).
 See NRS 48.045(2) ("Evidence of other crimes, wrongs or acts is not
 admissible to prove the character of a person in order to show that the
 person acted in conformity therewith."). Therefore, counsel should have
 objected to the statement about the purses and provided more sufficient
 legal argument to support the objection to the testimony about the older
 wounds. However, Walker fails to demonstrate prejudice considering the
 brief nature of the testimony, the fact that the prosecutor did not draw
 further attention to this testimony during trial, and the overwhelming
 evidence of his guilt.
 Second, Walker asserts that the State introduced evidence
 that was more prejudicial than probative. He asserts that (1) the evidence
 about his prior record was convoluted and confusing; (2) Doris Stempien's
 testimony during the penalty hearing about Walker's battery of her was
 inconsistent with the police reports that the State read into evidence,
 which had not been turned over during discovery in violation of Brady;
 and (3) the district court should not have permitted the introduction of
 pictures of Anziano's children at her funeral. We conclude that Walker
 failed to demonstrate that counsel's performance was deficient for failing
 to object to this evidence. Evidence concerning Walker's prior crimes was
 relevant to the sentencing determination. See Browning v. State, 124 Nev.
 517, 526, 188 P.3d 60, 67 (2008) ("The focus of a capital penalty hearing is
 not the defendant's guilt, but rather his character, record, and the
 circumstances of the offense."). It was presented through an officer from
 the parole and probation department and was not confusing. While
 Stempien's testimony was inconsistent with the police reports, that fact
 went to the weight of the evidence, not its admissibility. See Page v. State,
 88 Nev. 188, 193, 495 P.2d 356, 359 (1972) (holding that any discrepancy

SUPREME COURT
 OF
 NEVADA
 11
(0) 1947A
 in witness's identification testimony went only to weight and not
 admissibility). And, this court has already evaluated the victim impact
 evidence and concluded that no improper victim impact evidence was
 admitted at the penalty hearing. Walker, Docket No. 49507, at 10.
 Walker further failed to demonstrate prejudice. Five of the six
 aggravating circumstances proven by the State related to convictions
 involving the use of or threat of violence. The convictions spanned much
 of Walker's life from his 1978 conviction for robbery and attempted
 murder with the use of a deadly weapon, to battery by a prisoner with the
 use of a deadly weapon, and culminating with the instant offenses. The
 aggravating circumstances are compelling in that they demonstrate
 Walker's long held adherence to violence to accomplish his criminal goals.
 Moreover, they show that his behavior was not controlled or reformed by
 his time in prison. In view of these circumstances, he did not demonstrate
 that the result of the penalty hearing would have been different had he
 been able to exclude Stempien's testimony. Therefore, the district court
 did not err in denying this claim.
 Failure to present mitigating evidence
 Walker argues that the district court erred in denying his
 claim that trial counsel were ineffective for failing to introduce credible
 mitigating evidence. He asserts that (1) counsel should have ensured that
 the defense experts kept records and generated reports to bolster their
 testimony; (2) Dr. Pohl's testimony about alcohol abuse and intoxication
 was not as compelling as it could have been had Dr. Pohl been able to
 testify as to whether Walker was intoxicated at the time of the offense; (3)
 the lay witnesses were not adequately prepared for their testimony as it
 was inconsistent regarding key issues; (4) counsel imprudently fixated on

SUPREME COURT
 OF
 NEVADA
 12
(0) 1907A ce
 a drug addiction theory of mitigation that could not be substantiated at
 trial; and (5) counsel should have presented more recent evidence showing
 the effect of Walker's early childhood poverty, later drug addiction, and
 how neurological impairments affected his later life.
 We conclude that these arguments lack merit for two reasons.
 First, Walker failed to substantiate his claim that counsel's performance
 was deficient for failing to put forth the asserted evidence. He did not
 include any statements from experts or witnesses demonstrating that
 those experts or witnesses could have provided the evidence he asserts
 they were capable of producing. He did not allege that he was intoxicated
 at the time of the crimes to substantiate the claim that Dr. Pohl could
 have testified about that fact. He alleged that the experts who testified at
 trial could have generated reports so that the district court could properly
 assess the impact of better substantiated expert testimony; he did not,
 however, submit those reports or allege specific facts about the reports
 necessary to warrant further inquiry. He further failed to identify how
 the lay witnesses' testimony was contradictory. In addition, Walker did
 not identify the more recent mitigation evidence he contends that his
 counsel should have presented or identify an expert or the specific
 testimony that would have linked the early life mitigation evidence with
 him at the time of the crime.
 Second, Walker failed to demonstrate that the result of the
 penalty hearing would have been different had trial counsel presented the
 purported evidence. The jury found the presence of six aggravating
 circumstances. Five of the aggravating circumstances involved Walker's
 prior crimes of violence: two robberies with the use of a deadly weapon,
 two attempted murders with the use of a deadly weapon, and one battery

SUPREME COURT
 OF
 NEVADA
 13
(0) I947A c((e04
 by a prisoner with the use of a deadly weapon. The aggravating
 circumstances were compelling. Walker's criminal history demonstrated
 that he was prone to violent crimes and continued committing acts of
 violence even while incarcerated. Further, his most recent violent crimes
 occurred within one day of the murder. The fact that the jury failed to
 find the presence of mitigating factors does not mean that trial counsel
 failed to present credible evidence of those factors but instead suggests
 that he failed to present mitigating circumstances compelling enough to
 mitigate Anziano's murder. Therefore, he did not demonstrate that even if
 the presented testimony was better substantiated, the result of the
 hearing would have been different.
 Failure to challenge false testimony
 Walker argues that the district court erred in denying his
 claim that trial counsel were ineffective for failing to address testimony
 during the penalty hearing about parole and sentencing credits, that he
 contends, suggested he might be released if not sentenced to death. We
 disagree. The testimony about the sentencing scheme under which
 Walker was sentenced for his prior armed robbery did not indicate that he
 could be released early if the jury did not sentence him to death.
 Moreover, the jury was properly instructed that Walker would not be
 eligible for parole if sentenced to life without the possibility of parole or
 would serve at least 40 years if sentenced to life with the possibility of
 parole or given a definite term of 100 years. Therefore, the district court
 did not err in denying this claim. 2

 2 Walker also argues that the district court erred in denying his
 claim that the prosecutor knowingly introduced false testimony. This
 claim could have been raised in Walker's direct appeal and he failed to
 continued on next page...
SUPREME COURT
 OF
 NEVADA
 14
(0) I947A
 Cumulative error
 Walker argues that the cumulative effect of his trial counsel's
 errors deprived him of a fair trial. We disagree. This court has never
 determined whether multiple deficiencies in counsels' performance can be
 considered cumulatively for purposes of the prejudice prong of Strickland
 v. Washington, 466 U.S. 668 (1984), and in particular, when the individual
 deficiencies did not result in prejudice. See McConnell v. State, 125 Nev.
 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009). However, even assuming
 that counsel's deficiencies may be cumulated, see Harris by and through
 Ramseyer v. Wood, 64 F.3d 1432, 1438 (9th Cir. 1995) (concluding that
 prejudice may result from cumulative effect of multiple counsel
 deficiencies); StateS v. Thiel, 665 N.W.2d 305, 322 (Wis. 2003) (concluding
 that multiple incidents of deficient performance may be aggregated in
 determining prejudice under Strickland), because we have only found one
 error, for which we determined Walker failed to demonstrate prejudice,
 there is nothing to cumulate. Therefore, the district court did not err by
 denying this claim.

 ...continued
 assert cause for the failure to do so, other than the previously discussed
 claim of ineffective assistance of counsel, or actual prejudice. See NRS
 34.810(1)(b). Therefore, the district court did not err in denying this
 claim.

SUPREME COURT
 OF
 NEVADA
 15
(0) 1947A
 Direct appeal claims
 Walker contends that the district court erred in denying his
 claims that the trial court erred in excluding evidence of his intoxication
 and that the State committed prosecutorial misconduct during its penalty
 phase arguments. These claims could have been raised in the appeal
 taken from Walker's judgment of conviction and he failed to assert cause
 for the failure to do so. See NRS 34.810(1)(b). Therefore, the district court
 did not err in denying this claim. 3
 Having considered Walker's contentions and concluding that
 they lack merit, we
 ORDER the judgment of the district court AFFIRMED.

 Gibbons

 J.
 Pickering Hardesty

 J. 3 J.
 Parraguirre Douglas

 3 Walker's brief tacks on an ineffective-assistance argument in the
 heading of the prosecutorial misconduct claim and neglects to further
 develop this issue. Accordingly, he failed to raise a sufficient argument for
 consideration of this claim. See Evans v. State, 117 Nev. 609, 647, 28 P.3d
 498, 523 (2001).

SUPREME COURT
 OF
 NEVADA
 16
(0) 1947A
 CHERRY, J., dissenting:
 I respectfully dissent. I would reverse the district court's

 decision and remand for an evidentiary hearing on several of Walker's

 claims. Specifically, I conclude that the district court erred in denying

 Walker's claims that counsel failed to introduce expert testimony and that

 counsel were ineffective in challenging the admission of uncharged bad act

 evidence.

 Failure to call expert witnesses

 In his petition, Walker alleged that his counsel were

 ineffective for failing to introduce testimony of a forensic video examiner,

 an eyewitness identification expert, a DNA analysis expert, and an expert

 on fingerprint analysis. He alleged that these experts could explain how

 video evidence could be manipulated; testify about the accuracy and

 reliability of eyewitness identifications resulting from witnessing a

 traumatic event; contradict, challenge, or offer alternative explanations for

 the presence of the victim's DNA on Walker's shoe's and Myrdus Archie's

 car; and contradict or offer other explanations for the presence of the

 victim's fingerprint in Archie's car.

 The district court denied Walker's claim and the majority

 affirms the denial of most of these claims partially on the basis that

 Walker failed to plead sufficient facts to warrant relief or otherwise

 substantiate his claims. I contend that the majority decision holds

 Walker's pleading to an unreasonable standard. An evidentiary hearing is

 warranted where a petitioner raises claims supported by specific factual

SUPREME COURT
 OF
 NEVADA
 17
(0) 1947A
 allegations that are not belied by the record and, if true, would entitle him

 to relief. See Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225
 (1984); see also NRS 34.780(1) (stating that the Nevada Rules of Civil

 Procedure apply to proceedings for post-conviction petitions for a writ of

 habeas corpus to the extent they are not inconsistent with NRS Chapter

 34); Hay v. Hay, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) (noting a

 complaint need only set forth sufficient facts to establish all necessary

 elements of a claim for relief). Courts must liberally construe pleadings to

 place issues into matters which are fairly noticed to the adverse party.

 Hay, 100 Nev. at 198, 678 P.2d at 674.
 Walker's pleading provided the State adequate notice that he

 intended to demonstrate that the evidence introduced against him at trial

 could be impeached by the introduction of expert testimony. Walker's only

 obligation with the filing of his petition was to allege that he could prove

 those facts. He was not required to prove his claims with his petition. See

 NRS 34.370(4) (noting that "supporting documents are unnecessary" to a

 post-conviction petition). The district court denied him an opportunity to

 substantiate his claims when it denied his petition without conducting an

 evidentiary hearing

 I further conclude that the majority's analysis of these claims

 incorrectly concluded that Walker failed to demonstrate prejudice. The

 majority decision addresses each claim regarding an expert that Walker

 asserts his trial counsel failed to produce at trial. In concluding that

 Walker failed to demonstrate prejudice from that failure to introduce each

SUPREME COURT
 OF
 NEVADA
 18
(Cry 1947A e
 expert, the majority decision points to the remaining evidence introduced

 against Walker. However, Walker had contended that much of the

 remaining evidence, including that relied upon by the majority in

 affirming each claim, should have also been challenged via expert

 testimony. The majority fails to recognize the interconnected nature of his

 claims and appreciate the need for an evidentiary hearing to fully evaluate

 the holistic effect of counsel's failures to investigate or introduce expert

 testimony. Accordingly, I would reverse the judgment of the district court

 and remand for an evidentiary hearing on these claims.

 Prior bad act testimony

 Walker argues that the district court erred in denying his

 claim that trial counsel was ineffective for failing to object and litigate

 objections to prior bad act evidence. The majority agrees that the evidence

 was improperly admitted at trial and that counsel were deficient in failing

 to properly challenge this evidence. However, the majority concludes that

 Walker failed to demonstrate prejudice considering the brevity of the

 comment and evidence of his guilt. I disagree with this holding for two

 reasons.

 First, I disagree with the premise that the terseness of the

 comments mitigated their impact. It is unquestioned that evidence of

 Walker's uncharged conduct is not admissible to prove his propensity to

 engage in criminal activity. NRS 48.045(2); see Ledbetter v. State, 122

 Nev. 252, 259, 129 P.3d 671, 677 (2006) ("A presumption of inadmissibility

 attaches to all prior bad act evidence." (quoting Rosky v. State, 121 Nev.

SUPREME COURT
 OF
 NEVADA
 19
(0)1947A a
 'EAti
 4
 1.1„
 184, 195, 111 P.3d 690, 697 (2005))). Such evidence may be admissible for

 other purposes, but its admission would be closely guarded. See Quails v.

 State, 114 Nev. 900, 902, 961 P.2d 765, 766 (1998) (recognizing court must

 consider three-step process prior to admitting evidence of prior bad acts);

 see also Rhymes v. State, 121 Nev. 17, 23, 107 P.3d 1278, 1282 (2005)

 (requiring use of limiting instruction). These prohibitions and precautions

 are necessary because of the enormous potential that evidence, which

 generally portrays the accused as a criminal, has to unfairly sway the jury

 to believe he acted similarly with regard to the charged crimes. The

 evidence becomes more prejudicial where, instead of generally

 characterizing the accused as a criminal, it specifically implicates him in

 similar crimes to the charged conduct. See United States v. Shapiro, 565

 F.2d 479, 481 (7th Cir. 1977) ("When the prior conviction and the charged

 act are of a similar nature . . [t]he jury is more likely to . . . regard the

 prior convictions as evidence of a propensity to commit crime or of

 guilt . . ."). Walker was charged with murdering one victim while

 stealing her purse, slashing one victim while conducting a robbery, and

 stealing the purse of a third victim. The prior bad act evidence, that

 Archie's residence had an inordinate number of purses and his hand bore

 older wounds suggesting the use of a knife as a weapon, did not just

 portray Walker as a criminal, but strongly insinuated that he had a habit

 of committing the type of knifepoint robberies for which he was on trial.

 Thus, despite the short time it was discussed, the evidence admitted in

 this case could have been unfairly prejudicial.

SUPREME COURT
 OF
 NEVADA
 20
(0) 194,A e
 Second, I conclude that the majority improperly relies on the

 remaining evidence of his guilt in concluding that he failed to demonstrate

 prejudice. As previously discussed, Walker asserted that much of the

 evidence introduced against him was susceptible to impeachment through

 expert testimony. Therefore, I conclude that the majority is incorrect to

 rely on this evidence, which Walker was denied the opportunity to

 challenge in an evidentiary hearing, in concluding that Walker failed to

 demonstrate prejudice. If anything, these errors should be seen as

 working in tandem to deny Walker a fair trial. Accordingly, I would

 reverse and remand for an evidentiary hearing on this claim.

 Cherry

 cc: Hon. Valerie Adair, District Judge
 Justice Law Center
 Attorney General/Carson City
 Clark County District Attorney
 Eighth District Court Clerk

SUPREME COURT
 OF
 NEVADA
 21
(0) 1947A e