# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY LAMAR MARSHALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70634

**FILED**

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Rodney Lamar Marshall's March 21, 2014, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Marshall argues that he received ineffective assistance of trial and appellate counsel, raising seven such claims. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown,

17-23019

*Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland,* 466 U.S. at 690.

Marshall first argues that trial and appellate counsel should have challenged the admission of prior-bad-act evidence implicating him in auto thefts and the absence of a contemporaneous limiting instruction. The record belies Marshall's claim because trial counsel did immediately object and the trial court sustained that objection and admonished the jury, such that trial counsel's performance was not deficient in this regard and Marshall suffered no corresponding prejudice. *See Carter v. State,* 121 Nev. 759, 770, 121 P.3d 592, 599 (2005) (concluding that an immediate admonition to the jury can cure the prejudice created by a witness's reference to inadmissible subject matter). As trial counsel's challenge was successful and the trial court admonished the jury, Marshall has failed to show that appellate counsel was deficient in omitting a challenge to the auto-theft testimony or that he was prejudiced by that omission. The district court therefore did not err in denying this claim.

Second, Marshall argues that trial and appellate counsel should have challenged the admission of prior-bad-act evidence of his use of cocaine and the absence of a contemporaneous limiting instruction. After trial counsel elicited testimony, as part of a strategy to impeach that

witness's credibility, that a witness regularly used cocaine with Marshall,[1] the State elicited testimony that Marshall had an ongoing drug habit during the time period when the robberies charged were committed. The drug-use evidence was properly admitted because it was relevant to Marshall's motive for committing the robberies, *see* NRS 48.045(2); the contested testimony was corroborated by other witnesses; and the danger of unfair prejudice was minimal and did not substantially outweigh the evidence's probative value, as defense counsel had already elicited evidence of Marshall's drug use. *See Bigpond v. State*, 128 Nev. 108, 116-17, 270 P.3d 1244, 1249-50 (2012) (holding that evidence of prior bad acts may be admitted for limited purposes after a hearing in which the State shows (1) relevance for a nonpropensity purpose, (2) proof by clear and convincing evidence, and (3) that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence). As the record is sufficient for a reviewing court to assess the admissibility of the drug-use evidence, relief was not warranted for the trial court's failure to conduct a hearing. *Qualls v. State*, 114 Nev. 900, 903-04, 961 P.2d 765, 767 (1998). And we conclude that erroneously omitting a contemporaneous limiting instruction was harmless when the jury was given an appropriate limiting instruction before deliberating, the State emphasized those limitations during closing argument, the testimony at

---

[1]After utterance of the testimony, the trial court held a hearing outside the presence of the jury pursuant to *Hernandez v. State*, 124 Nev. 978, 194 P.3d 1235 (2008), regarding Marshall's conceding involvement in a crime, albeit uncharged. Trial counsel explained his strategic intent, and Marshall assented to the strategy and that he had discussed it with counsel.

issue merely added a time period to evidence already elicited by the defense, and several of the victims knew Marshall prior to being robbed and identified him at trial as the perpetrator. *See Mclellan v. State*, 124 Nev. 263, 271, 182 P.3d 106, 112 (2008) (holding omission of limiting instruction harmless where it had no substantial or injurious effect on the verdict). Accordingly, trial- and appellate-level challenges to admitting this testimony would have been futile, and counsel is not ineffective for failing to raise futile claims. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). As the limiting-instruction omission was harmless, trial counsel's failure to so request did not prejudice Marshall, and an appellate challenge would have been futile. The district court therefore did not err in denying this claim.

Third, Marshall argues that trial and appellate counsel should have contested the admission of a 911 call in which a nontestifying cab driver could be heard assisting a victim in making the call. The district court noted that the recording had been edited to the portion where the victim was speaking and that the victim was speaking in the background with the cab driver assisting him in making the call because the victim was in "a lot of pain, freaking out." Challenges by trial and appellate counsel would have been futile, as this recording was admissible as a nontestimonial statement that did not violate the Confrontation Clause because the primary purpose of the statement was to resolve the ongoing emergency of the victim's serious injury and not to establish past events. *See Michigan v. Bryant*, 562 U.S. 344, 356, 361 (2011); *Harkins v. State*, 122 Nev. 974, 987-88, 143 P.3d 706, 714-15 (2006). Further, Marshall does not provide the contents of the cab driver's utterance or assert any

prejudice specifically associated with that utterance. The district court therefore did not err in denying this claim.

Fourth, Marshall argues that trial and appellate counsel should have contested the admission of a detective's "exciting" testimony regarding the course of the investigation. The district court found that the detective's testimony served to identify the offenses, the apparent motivation common to them that officers perceived, and the reasons why the investigation took years to develop and identify a suspect whose appearance changed over time. The detective's testimony regarding the course of the investigation was permissible, as it was offered to rebut the defense theory of the case that the police investigation had failed to establish that the five robberies committed over a period of three years had all been committed by the same individual. *See United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010) (explaining that out-of-court statements are not hearsay when offered to illustrate the propriety of the police's investigation); *United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir. 2004) ("If a jury would not otherwise understand why an investigation targeted a particular defendant, the testimony could dispel an accusation that the officers were officious intermeddlers staking out [appellant] for nefarious purposes."); *United States v. Hawkins*, 905 F.2d 1489, 1495 (11th Cir. 1990) (concluding that investigator's testimony was admissible to explain why the investigation commenced and to rebut defense claims that the investigation was baseless and sought to harass the target). Marshall's reliance on *Abram v. State*, is misplaced because that case involved an officer's "highly prejudicial" testimony regarding inadmissible character evidence that was not relevant to the State's theory of the case, 95 Nev. 352, 354, 594 P.2d 1143, 1144-45 (1979), while here the testimony

was relevant to the State's theory that Marshall had committed the offenses over a prolonged period of time and to rebut the defense theory of the case. Marshall's reliance on *United States v. Reyes*, 18 F.3d 65, 69 (2d Cir. 1994), is similarly misplaced, as the detective here did not testify as to the substance of a declarant's out-of-court statements and his testimony regarding Marshall's own statements in jail calls was not hearsay pursuant to NRS 51.035(3)(a). For these reasons, trial and appellate challenges to the detective's testimony would have been futile, and counsel accordingly were not ineffective on this basis. The district court therefore did not err in denying this claim.

Fifth, Marshall argues that trial and appellate counsel should have contested the trial court's failure to record bench conferences. At the time of trial, the trial court was not required to make a record of all bench conferences. *See Daniel v. State*, 119 Nev. 498, 507-08, 78 P.3d 890, 897 (2003). Marshall's reliance on *Preciado v. State*, 130 Nev. 40, 318 P.3d 176 (2014), is misplaced, as that case was not decided until three years after his trial, and trial and appellate counsel were not deficient in failing to assert a rule that did not then apply. Further, Marshall's bare claim that the unrecorded bench conference prevented this court's review of unspecified issues fails to show that this court was precluded from conducting a meaningful review, *see id.* at 43, 318 P.3d at 178, and thus fails to show prejudice. The district court therefore did not err in denying this claim.

Sixth, Marshall argues that the district court erred in denying the claims asserted in his pro se petition. As Marshall offers merely single-sentence summaries of each claim and prior decisions but does not provide any cogent argument as to how the district court erred in denying

SUPREME COURT
OF
NEVADA

(O) 1947A

6

the pro se claims, we decline to consider those claims. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Lastly, Marshall argues that cumulative error warrants relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Marshall has demonstrated a single instance of deficiency concerning trial counsel's failure to request a limiting instruction, for which relief is not warranted, and a single instance of deficiency cannot cumulate, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. William D. Kephart, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A