IN THE SUPREME COURT OF THE STATE OF NEVADA

LUKE PATRICK MEDEIROS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77849

**FILED**

APR 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault.[1] Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Appellant Luke Medeiros raises two contentions on appeal.

First, Medeiros contends the district court erred by denying his motion for a new trial based on juror misconduct. "A jury's failure to follow a district court's instruction is intrinsic juror misconduct," *Valdez v. State,* 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008), but must be proven without examining the deliberative process of the jury, *see Meyer v. State,* 119 Nev. 554, 565, 80 P.3d 447, 456 (2003). To prevail on such a motion, "the defendant must present admissible evidence sufficient to establish: (1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial." *Meyer,* 119 Nev. at 563, 80 P.3d at 455. We review the denial of a motion for a new trial based on juror misconduct for an abuse of discretion. *See id.* at 561, 80 P.3d at 453.

Medeiros moved for a new trial based on a juror surrendering her honest convictions when returning the verdict, in contradiction to the district court's jury instruction not to. Medeiros supported his motion with

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

20-14396

an affidavit wherein the juror said the bailiff entered the jury room to take dinner orders and informed the jurors they were to continue deliberating until 8:00 p.m. Based on this, the juror said she felt pressured to agree to a guilty verdict despite her reasonable doubt because she did not want to cause the other jurors to deliberate past 5:00 p.m. The district court denied Medeiros' motion concluding that he did not meet the burden of showing juror misconduct because the portions of the affidavit discussing mental processes were inadmissible under NRS 50.065.[2] *See Barker v. State*, 95 Nev. 309, 312, 594 P.2d 719, 721 (1979) (differentiating between a juror's state of mind and a foreman's statements to the jury, which are "objective facts, overt and capable of ascertainment by any observer, without regard to the state of mind of any juror"). We conclude the district court did not abuse its discretion by denying the motion for a new trial.[3] *See* NRS 50.065(2); *Meyer*, 119 Nev. at 563, 80 P.3d at 454 ("Juror affidavits that delve into a juror's thought process cannot be used to impeach a jury verdict and must be stricken.").

Second, Medeiros contends the district court erred by admitting evidence that he previously made a sexual advance toward the victim via text messages. Because Medeiros did not object at trial, we review for plain error. *See Mitchell v. State*, 124 Nev. 807, 817, 192 P.3d 721, 727-28 (2008) (reviewing admission of unobjected to prior-bad-act evidence for plain error

---

[2]As to a verdict's validity, NRS 50.065(2) provides that neither a juror's testimony nor affidavit shall concern "the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict . . . or . . . the juror's mental processes in connection therewith."

[3]Because the district court denied the motion on its merits, we do not address the State's argument that the motion was untimely filed under NRS 176.515(4).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that resulted in prejudice affecting a defendant's substantial rights); NRS 178.602 (addressing plain-error review).

At trial, the parties stipulated to the admission of sexually suggestive text messages sent by Medeiros to the victim months before the charged crime. The State briefly questioned the victim regarding the messages, to which she responded that she never had a prior sexual encounter with Medeiros. Therefore, we conclude the error is not plain or clear from the record.

Moreover, the State did not mention the text messages during closing or rebuttal arguments. Thus, even assuming the evidence was admitted erroneously, Medeiros has not shown the error affected his substantial rights because ample evidence supported his guilt—the victim's testimony, DNA evidence, and Medeiros's admissions to law enforcement. *See Qualls v. State*, 114 Nev. 900, 903-04, 961 P.2d 765, 767 (1998) (holding that the failure to adhere to procedural requirements before admitting prior-bad-act evidence is not reversible error "where the result would have been the same if the trial court had not admitted the evidence").

Having considered Medeiros' claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

Supreme Court
OF
Nevada

(O) 1947A

cc: Hon. Jerome M. Polaha, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk